## In re Anonymous No. 20 D.B. 77

Disciplinary Board Docket no. 20 D.B. 77.

JOHNSON, *Board Member,* August 18, 1978—Pursuant to Pa.R.D.E. 208(d) the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

On or about November 23, 1971, respondent purchased a tract of land in the City of [   ], [   ] County, Pa., paying a total consideration of $132,000. The closing statement at the request of the seller showed the consideration to be $120,000 for title to the real estate and with the buyer paying $12,000 to a principal of the selling corporation. The agreement of sale provided each party would pay one-half of the transfer taxes and the closing statement reflects respondent withheld from the seller $1,200 for transfer taxes. At respondent's request the property was conveyed in two deeds, each reciting a consideration of one dollar; one deed to respondent's wife and the other to respondent and his wife together with another husband and wife. Upon recording the deeds respondent executed and filed realty transfer tax affidavits on Commonwealth of Pennsylvania, Department of Revenue Forms RCC-210, showing on one "FULL CONSIDERATION $42,000" and on the other "FULL CONSIDERATION $40,500" for a total consideration of $82,500. Transfer tax was paid to the City of [   ] and to the Commonwealth of Pennsylvania on the basis of a total consideration of $82,500, or $825 to each.

## II. DISCUSSION

The hearing committee found that respondent was guilty of a violation of D.R. 1-102(A)(4)—a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation, D.R. 7-102(A)(3)—in his representation of a client, a lawyer shall not conceal or knowingly fail to disclose that which he is required by law to reveal, and D.R. 7-102(A)(5)—in his representation of a client, a lawyer shall not knowingly make a false statement of law or fact.

The hearing committee designated the sole question for resolution to be, did respondent violate any Disciplinary Rule by stating *fair market value* as $82,500 rather than *fair market value* as $120,000 (Emphasis supplied). The conclusion was reached that the conduct of respondent did not constitute dishonesty, fraud or deceit, but did constitute a misrepresentation which was not adequately or satisfactorily explained. The hearing committee recommended an informal admonition.

The board confirms the finding of the hearing committee that there was a violation of D.R. 1-102(A)(4); D.R. 7-102(A)(3) and D.R. 7-102(A)(5). However, the board cannot agree the issue was that of misstating fair market value but rather was a deliberate misstatement of full consideration paid.

Respondent executed and filed false affidavits upon the basis of which he and his clients paid transfer tax on the basis of a full consideration of $82,500, $37,500 less than the consideration shown on the closing statement and $49,500 less than the actual consideration paid.

Respondent's explanation was that by reason of dividing the land it was his opinion the fair market value was less than he actually paid although he

acknowledged that had the actual consideration been stated in either the deeds or in the affidavits he would have had to pay transfer tax on the basis of that consideration. His explanation is evasive and not persuasive. It appears obvious he executed and filed the false affidavits to evade payment of the full transfer tax. The board agreed with the hearing committee that the conduct of respondent constituted a misrepresentation, but could not agree with the conclusion of the respected hearing committee the same did not constitute dishonesty, fraud and deceit.

## III. RECOMMENDATION

For the reasons set forth above, the Disciplinary Board recommends to your honorable court that respondent, [ ], Esq., be publicly censured pursuant to Pa.R.D.E. 204(3).

## ORDER

EAGEN, *C.J.*; And now, September 8, 1978, the report and recommendation of the Disciplinary Board of the Supreme Court dated August 18, 1978, is accepted; and it is ordered and decreed, that the said [Respondent] of [ ] County, be subjected to public censure by the Supreme Court as provided in Pa.R.D.E. 204(3) at the session of this court commencing November 13, 1978, at Philadelphia.